65

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

**FILED**

JUL - 5 2006 *rq*

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

| | |
|---|---|
| Donald B. Gardner, ) | |
| ) | |
| Plaintiff, ) | CAUSE NO. |
| ) | |
| vs. ) | |
| ) | 06CV3594 |
| Iowa, Chicago & Eastern Railroad Corporation, ) | JUDGE MORAN |
| a Delaware Corporation, ) | MAGISTRATE JUDGE COLE |
| ) | |
| Defendant. ) | |

## COMPLAINT

### COUNT I

COMES NOW the Plaintiff, Donald B. Gardner, pro se, and for Count I of his negligent hiring

cause of action herein against Defendant, Iowa, Chicago & Eastern Railroad Corporation (hereinafter

I,C & E), respectfully states to the Court as follows:

1. That Defendant I, C & E is now and at all times hereinafter mentioned, a railraod

corporation duly organized and existing according to law to engage in, and was engaged in, business as

a common carrier in interstate commerce in the state of Illinois and other states of the United States.

2. That the Defendant I, C & E at all times hereinafter mentioned employed Plaintiff DONALD

B. GARDNER, in interstate commerce. This claim is brought under the Federal Employers' Liability

Act and the jurisdiction of this Court is claimed under 45 U.S.C. 51-56.

3. That on or about July 27, 2003, Plaintiff was employed by the Defendant I, C & E, at or

near Davis Junction, Illinois, and during the course of his employment as an assistant engineer trainee for

Defendant, Plaintiff was being trained by Defendant's employee engineer Terry Gross when Plaintiff
and Terry Gross became involved in an argument.  Then Terry Gross grabbed Plaintiff and caused
Plaintiff to fall down awkwardly, which injured Plaintiff.

4.  Prior to being  hired by Defendant I, C & E, employee Terry Gross was emotionally
unstable and had a propensity to violence, and these facts were known or should have been known to
Defendant I, C & E.

5.  Plaintiff states that his injuries and damages were due in whole or in part as a result of the
negligent acts or omissions of the Defendant in one or more of the following particulars:

a.  It failed to provide Plaintiff with reasonably safe conditions for work; or

b.  It failed to provide Plaintiff with reasonably safe methods of work; or

c.  It failed to provide Plaintiff with reasonably adequate help; or

d.  In hiring Terry Gross, Defendant I, C & E knew or should have known that Terry Gross
had a particular unfitness for the position of engineer because of his emotional instability and/or
propensity to violence and/or inexperience as a engineer so as to create a harm to third persons and/or
other employees such as Plaintiff, and this unfitness was known or should have been known to the
Defendant I, C & E at the time of hiring through the application process, background checks and
background checks with former employers.

6.  As a result of the aforementioned conduct of the Defendant, Plaintiff was caused to suffer
serious, painful, and permanent injuries, to-wit: Plaintiff suffered in his neck, his lower back, and suffers
from chronic headaches and was caused to undergo medical treatment, x-rays, and painful tests
including a CT scan and magnetic resonance imaging of the cervical spine.  Plaintiff has lost wages of his

2

employment with Defendant and will in the future lose further such wages. Plaintiff has expended or

obligated himself for necessary and reasonable medical expenses and hospital care and will in the future

be caused to expend further such sums. Plaintiff has endured pain and suffering as a result of

Defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been

impaired and lessened all to Plaintiff's damage in a sum to be determined.

WHEREFORE Plaintiff, DONALD B. GARDNER hereby prays for judgment against

Defendant I, C & E, for damages in a fair and reasonable amount in excess of Seventy-five Thousand

Dollars ($75,000.00), which is the jurisdictional minimum of the court, together with his costs herein

expended.

## COUNT II

For his cause of action of negligent retention of employee, Terry Gross against Defendant I, C

& E, the Plaintiff DONALD B. GARDNER, pro se, states as follows:

1 - 4. Plaintiff DONALD B. GARDNER repleads Paragraphs 1 through 4 of Count I as

though completely set forth word for word in this Count II.

5. Plaintiff states that his injuries and damages were due in whole or in part as a result of the

negligent acts or omissions of the Defendant in one or more of the following particulars:

a. It failed to provide Plaintiff with reasonably safe conditions for work; or

b. It failed to provide Plaintiff with reasonably safe methods of work; or

c. It failed to provide Plaintiff with reasonably adequate help; or

d. In retaining Terry Gross as an employee, Defendant I,C & E knew or should have known

that Terry Gross had a particular unfitness for the position of engineer because of his emotional

3

instability and/or propensity to violence so as to create a harm to third persons and other employees

such as Plaintiff Donald B. Gardner, and retained Terry Gross after his unfitness was known or should

have been known to the Defendant I,C & E through the application process, background checks,

background checks with former employer, by its supervisors, and by his employment experience with

Defendant I,C & E.

6. As a result of the aforementioned conduct of the Defendant, Plaintiff was caused to suffer

serious, painful, and permanent injuries, to-wit: Plaintiff suffered in his neck, his lower back, and suffers

from chronic headaches and was caused to undergo medical treatment, x-rays, and painful tests

including a CT scan and magnetic resonance imaging of the cervical spine. Plaintiff has lost wages of his

employment with Defendant and will in the future lose further such wages. Plaintiff has expended or

obligated himself for necessary and reasonable medical expenses and hospital care and will in the future

be caused to expend further such sums. Plaintiff has endured pain and suffering as a result of

Defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been

impaired and lessened all to Plaintiff's damage in a sum to be determined.

WHEREFORE Plaintiff, DONALD B. GARDNER hereby prays for judgment against

Defendant I,C & E, for damages in a fair and reasonable amount in excess of Seventy-five Thousand

Dollars ($75,000.00), which is the jurisdictional minimum of the court, together with his costs herein

expended.

## COUNT III

For his cause of action of negligent supervision of employee, Terry Gross, against Defendant

I,C & E, the Plaintiff DONALD B. GARDNER, pro se, states as follows:

4

1 - 4.  Plaintiff DONALD B. GARDNER repleads Paragraphs 1 through 4 of Count I as though completely set forth word for word in this Count III.

5.  Plaintiff states that his injuries and damages were due in whole or in part as a result of the negligent acts or omissions of the Defendant in one or more of the following particulars:

a. It failed to provide Plaintiff with reasonably safe conditions for work; or

b. It failed to provide Plaintiff with reasonably safe methods of work; or

c. It failed to provide Plaintiff with reasonably adequate help; or

d. In failing to supervise or train employee Terry Gross.

6.  As a result of the aforementioned conduct of the Defendant, Plaintiff was caused to suffer serious, painful, and permanent injuries, to-wit: Plaintiff suffered in his neck, his lower back, and suffers from chronic headaches and was caused to undergo medical treatment, x-rays, and painful tests including a CT scan and magnetic resonance imaging of the cervical spine.  Plaintiff has lost wages of his employment with Defendant and will in the future lose further such wages.  Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums.  Plaintiff has endured pain and suffering as a result of Defendant's negligence.  Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage in a sum to be determined.

WHEREFORE Plaintiff, DONALD B. GARDNER hereby prays for judgment against Defendant I,C & E, for damages in a fair and reasonable amount in excess of Seventy-five Thousand Dollars ($75,000.00), which is the jurisdictional minimum of the court, together with his costs herein expended.

5

## COUNT IV

In the alternative, for his cause of action of Respondeat Superior of battery concerning employee Terry Gross, against Defendant I,C & E, the Plaintiff Donald B. Gardner, pro se, states as follows:

1 - 4. Plaintiff Donald Gardner repleads Paragraphs 1 through 4 of Count I as though completely set forth word for word in this Count IV.

5.     Employee Terry Gross was employed as a engineer by Defendant I,C & E, and was acting within the scope of his employment on July 27, 2003 in furtherance and benefitting his employer, Defendant I,C & E at the time of the incident of July 27, 2003. As a result of the theory of respondeat superior, Defendant I,C & E is vicariously liable to Plaintiff Donald Gardner as any of employee Terry Gross' acts or omissions were in law the act(s) or omission(s) of Defendant I,C & E as his employer.

6. As a result of the aforementioned conduct of the Defendant, Plaintiff was caused to suffer serious, painful, and permanent injuries, to-wit: Plaintiff suffered in his neck, his lower back, and suffers from chronic headaches and was caused to undergo medical treatment, x-rays, and painful tests including a CT scan and magnetic resonance imaging of the cervical spine. Plaintiff has lost wages of his employment with Defendant and will in the future lose further such wages. Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums. Plaintiff has endured pain and suffering as a result of Defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage in a sum to be determined.

WHEREFORE Plaintiff, DONALD B. GARDNER hereby prays for judgment against Defendant I,C & E, for damages in a fair and reasonable amount in excess of Seventy-five Thousand Dollars ($75,000.00), which is the jurisdictional minimum of the court, together with his costs herein expended.

## COUNT V

For his cause of action against Defendant I, C & E, the Plaintiff DONALD B. GARDNER, pro se, states as follows:

1 - 2.  Plaintiff Donald Gardner repleads Paragraphs 1 through 2 of Count I as though completely set forth word for word in this Count V.

3.  That on or about January 30, 2004, Plaintiff was employed by the Defendant I, C & E, at or near Davenport, Iowa, and during the course of his employment as a switchman for the Defendant, Plaintiff slipped and fell on trash in the snow covered deportation area while departing the train injuring his left foot and left ankle.

4.  Plaintiff states that his injuries and damages were due in whole or in part as a result of the negligent acts or omissions of the Defendant in one or more of the following particulars:

   a.  It failed to provide Plaintiff with reasonably safe conditions for work; or

   b.  It failed to provide Plaintiff with reasonably safe methods of work; or

   c.  It failed to provide Plaintiff with reasonably adequate help; or

   d.  It failed to provide Plaintiff with reasonably safe appliances; or

   e.  It failed to inspect and/or clean trash from the deportation area; or

   f.  It failed to inspect and/or remove snow from the deportation area.

7

5. As a result of the aforementioned conduct of the Defendant, Plaintiff was caused to suffer serious, painful, and permanent injuries, to-wit: Plaintiff suffered in his left foot and left ankle and was caused to undergo medical treatment and x-rays of left foot and ankle. Plaintiff has lost wages of his employment with Defendant and will in the future lose further such wages. Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums. Plaintiff has endured pain and suffering as a result of Defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage in a sum to be determined.

WHEREFORE Plaintiff, DONALD B. GARDNER hereby prays for judgment against Defendant I,C & E, for damages in a fair and reasonable amount in excess of Seventy-five Thousand Dollars ($75,000.00), which is the jurisdictional minimum of the court, together with his costs herein expended.

## COUNT VI

For his cause of action against Defendant I, C & E, the Plaintiff DONALD B. GARDNER, pro se, states as follows:

1 - 2. Plaintiff Donald Gardner repleads Paragraphs 1 through 2 of Count I as though completely set forth word for word in this Count VI.

3. That on or about April 10, 2005, Plaintiff was employed by the Defendant I, C & E, at or near Davenport, Iowa, and during the course of his employment as a switchman for the Defendant, Plaintiff slipped and fell off of a ladder rail train injuring his left knee.

4. Plaintiff states that his injuries and damages were due in whole or in part as a result of the negligent

8

acts or omissions of the Defendant in one or more of the following particulars:

    a. It failed to provide Plaintiff with reasonably safe conditions for work; or

    b. It failed to provide Plaintiff with reasonably safe methods of work; or

    c. It failed to provide Plaintiff with reasonably adequate help; or

    d. It failed to provide Plaintiff with reasonably safe appliances; or

    e. It failed to inspect and/or clean the ballast in the trainyard after replacing the parking pad; or

    f. It negligently created an unsafe condition by shoveling grease onto the rocks.

5. As a result of the aforementioned conduct of the Defendant, Plaintiff was caused to suffer serious, painful, and permanent injuries, to-wit: Plaintiff suffered in his left knee and was caused to undergo medical treatment and x-rays of left knee. Plaintiff has lost wages of his employment with Defendant and will in the future lose further such wages. Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums. Plaintiff has endured pain and suffering as a result of Defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage in a sum to be determined.

    WHEREFORE Plaintiff, DONALD B. GARDNER hereby prays for judgment against Defendant I,C & E, for damages in a fair and reasonable amount in excess of Seventy-five Thousand Dollars ($75,000.00), which is the jurisdictional minimum of the court, together with his costs herein expended.

9

Donald B. Gardner, Plaintiff

By: _Donald B. Gardner_
      Donald B. Gardner

Dated this __27ᵀᴴ__ day of _June_____, 2006.


Donald B. Gardner
Plaintiff
1104 S. Michigan Ave.
Davenport, IA 52802
TEL:  (563) 324-6008
CELL: (563) 349-9997